**Jackie KLEINER**

v.

**The FIRST NATIONAL BANK OF ATLANTA.**

**George MOROSANI**

v.

**The FIRST NATIONAL BANK OF ATLANTA.**

**Civ. Nos. C80–921, C81–1553.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 24, 1983.

Robert B. Remar, Jonathan A. Zimring, Remar, Arnold & Zimring, Jerome J. Froelich, Jr., Kenneth P. McDuffie, Atlanta, Ga., for plaintiff Kleiner.

Jerome J. Froelich, Jr., Kenneth P. McDuffie, Atlanta, Ga., Michael P. Malakoff, Pittsburgh, Pa., for plaintiff Morosani.

Richard M. Kirby, Hansell, Post, Brandon & Dorsey, Richard M. Langway, Marilyn D. Britwar, Legal Dept., Atlanta, Ga., for The First Nat. Bank of Atlanta.

## ORDER

ORINDA D. EVANS, District Judge.

These consolidated class actions are before the Court on Plaintiffs' (1) Motion for an Order Enjoining the Defendant from Communicating with Class Members and (2) Motion for an Order Voiding All Requests for Exclusion and Directing the Mailing of a Court Approved Notice to all Class Members who requested exclusion from the class.

By way of background, Plaintiffs Kleiner and Morosani are customers of the Bank who borrowed money at rates tied to the Bank's "prime rate." They assert a number of claims against the Bank arising out of the loan transactions. By Order entered April 15, 1983, the Court granted Plaintiffs' motions for class certification as to the breach of contract and truth-in-lending claims only.

Under the schedule set by the Court, form notices to prospective class members were sent out on August 6, 1983. The notice contains the usual information that persons who wish to decline participation in the class action may send in an exclusion request. Included along with the notice

was a form exclusion request. The deadline for filing exclusion requests with the Clerk of the Court is September 27, 1983.

The notice also contains information about the nature of the case and the claims sought to be asserted on behalf of the class. After counsel for the parties were unable to agree upon the form of the class notice, each submitted a proposed notice to the Court. The Court in large part adopted the Bank's suggested class notice and directed that it be sent out to class members.

Digressing momentarily, on May 18, 1983, Defendant formally noticed the depositions of 25 customers of the Bank who are within the class defined by the Court in the instant action. According to the Bank's counsel, the purpose of the depositions was to inquire of these individuals as to their understanding of the meaning of the term "prime rate" as defined in their notes with the Bank. Plaintiffs filed a motion for a protective order, claiming that discovery from prospective class members would run the risk of harassment, and would possibly deter such persons from participating in the class action. The motion for protective order, as well as other matters, was taken up by the Court at a reported in-chambers hearing on May 20, 1983. Counsel for Plaintiffs, retained counsel for Defendant (the law firm of Hansell & Post, through Richard M. Kirby), and the Bank's general counsel and officer, Richard M. Langway, were present. After hearing from counsel for both sides, the Court granted the Bank's request to take the depositions of 5 customers under certain conditions. The motion for a protective order was otherwise granted. The Court then indicated as follows to the Bank's counsel present:

> However, if you can get me some law that convinces me that it is all right for you to otherwise contact class members, then I will permit you to contact additional people informally.

On June 23, 1983, Defendant's counsel sent the Court a letter brief in support of its contention that the Supreme Court's decision in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)

prohibits the Court from limiting communication of counsel with absent class members unless and until a likelihood of abuse is shown. Plaintiffs filed briefs in opposition on May 29, 1983 and July 11, 1983. The matter was taken under advisement by the Court.

On or about August 10, 1983, with no prior notice to the Court or counsel for Plaintiffs, the Chairman of the Board of Defendant sent a mass mailing to Defendant's shareholders concerning the instant litigation. Also, Defendant undertook a systematic campaign of telephone calls by bank personnel to prospective class members. At a minimum, the calls included advice to carefully consider the class notice and the exclusion request. In addition, according to affidavits of Plaintiffs' counsel filed with the Court, certain bank officers urged some persons to consider their past good relationship with Defendant when determining whether they should opt out of the class. These contacts were initiated by the Bank on the advice of Hansell & Post and Mr. Kirby that a systematic campaign was permissible.

After Plaintiffs learned of these contacts between Defendant and prospective class members, they filed the pending motions in which they seek injunctive relief, as well as an order voiding all exclusion requests and directing the mailing of a further court-approved notice to members who have requested exclusion.

Both parties agree that *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) is the leading case on whether counsel can communicate with absent class members. In *Bernard,* the Supreme Court addressed the question of whether a district court's order, which limited contact of parties or their counsel with any actual or potential class member, was consistent with the general policies of Fed. R.Civ.P. 23(d). Although the Court stated that it had to determine "the scope of a District Court's authority to limit communications from *named plaintiffs and their counsel* to prospective class members, during the pendency of a class action," (empha-

sis added), the Order in issue was not limited to the plaintiffs' actions. Thus, an issue exists as to whether *Bernard's* holding that the district court abused its discretion under Rule 23(d) in "requiring prior judicial approval of [most] communications" is only applicable to attempts by plaintiffs and their counsel to communicate with prospective class members or whether it is equally applicable to attempts by Defendant or its counsel. This issue, however, is now a hypothetical one because Defendant has contacted some class members and has done so in a way which has a tendency to mislead and confuse them. In light of Defendant's contacts with absent class members, the Court is concerned about the possibility of further abuses.

The Court makes the following findings regarding the nature of the misrepresentations made in the Bank's letter of August 10, 1983 to its shareholders in respect to how that letter could be confusing. First, the Bank asserts in the letter that it is an established fact that there was a certain type of agreement between Dr. Kleiner and the Bank when in reality the nature and meaning of the agreement is a primary issue to be determined in this litigation. Secondly, a prospective class member receiving this letter might infer that one who joins the class action will be challenging the integrity of the Bank when in fact the only issues certified for class treatment are the breach of contract and truth-in-lending issues which have nothing to do with the integrity of the Bank.[1]

The Court makes the following observation regarding the Bank's telephone contacts with prospective class members. Federal Rule of Civil Procedure 23 anticipates that the Court will exercise control over the certification process. Although the holding of *Bernard* is basically intended to insure the free flow of information to class members, it does not sanction arm-twisting or lobbying campaigns of prospective class members by either plaintiff or defendant.

Thus, the Court finds that the telephone contacts were improper and not legally sanctioned by the *Bernard* decision.

Having made these findings, and in order to dispose of the issues presented as to future contacts with prospective class members who may be contacted, the Court makes the following rulings:

(1) Pending further Order of the Court, neither Defendant (including its agents and employees), Defendant's counsel, named Plaintiffs, or their counsel may discuss the instant case or issues involved therein (including the matter of opting out of the class), with any prospective class member except as specifically permitted by Order of the Court.

(2) The instant Order does not prohibit the Bank from engaging in its ordinary business affairs with any of the Bank's customers who may be prospective class members.

(3) Defendant is DIRECTED to immediately make known to its agents and employees the Court's prohibition on discussing the case with prospective class members.

(4) If counsel for Plaintiffs or Defendant desire to contact a prospective class member in order to obtain discovery, they must first seek permission from the Court.

(5) The Court is cognizant of the fact that counsel for both sides are currently receiving written inquiries from prospective class members concerning the nature of the pending action and/or issues pertaining to exclusion requests. The Court has previously directed counsel to exchange proposed replies to those letters prior to sending them out. Such direction is hereby AMENDED to require that counsel meet and attempt to resolve any differences regarding the manner of replying to the inquiries. Where agreement is reached, the written reply is hereby authorized to be sent out. Where no agreement is reached, no reply may be sent out without permis-

---

1. The Court also finds that the third full paragraph of the letter, which states in part that "many of the First Atlanta customers who receive these notices will be confused and alarmed ...", may be misleading in that it implies that the Bank was a stranger to preparation of the class notice.

sion of the Court. Counsel are further DIRECTED to promptly bring to the Court's attention any written requests for information as to which they are unable to agree on a response.

(6) If Plaintiffs, Defendant, or counsel for Plaintiffs or Defendant receive oral inquiries from prospective class members regarding the class action, including the question of whether the individual should opt out of the class, they are DIRECTED to immediately inform such individual that they cannot discuss the case and that any requests for information must be placed in writing and transmitted to counsel.

(7) Subsequent to September 27, 1983 (the last date for sending in exclusion requests), the Court will hold a hearing in which the rules for any future contacts with members of the class will be determined. This hearing is hereby set for October 5, 1983, at 10:00 a.m.

(8) Plaintiffs are hereby awarded their fees and expenses incurred in bringing the instant motion for injunctive relief. Plaintiffs shall file an affidavit with the Court within ten days of date of entry of this Order setting out the amount of fees and expenses requested. Defendant shall have five days within which to file any objections or response. If Defendant desires a hearing on this request, it shall so state in its response.

(9) Defendant shall reimburse Plaintiffs for the entire cost of preparing and sending the class notices, including attorneys' fees. Plaintiffs shall file an affidavit with the Court within ten days of date of entry of this Order setting out the amount of expenses requested. Defendant shall have five days within which to file any objections or response.

(10) Plaintiffs have requested that the Court enter an order voiding all requests for exclusion. A ruling on this request is DEFERRED. The Court desires further information concerning Defendant's contacts with prospective class members before determining whether this relief is warranted. Plaintiffs are DIRECTED to proceed with dispatch to undertake discovery to ascertain the nature and extent of contacts by Defendant with prospective class members and the names of those who are responsible. Such discovery shall be concluded by September 30, 1983 and a further evidentiary hearing shall be had on this matter on October 5, 1983, at 10:00 a.m. Defendant is DIRECTED to reimburse Plaintiffs for the cost of this discovery, including attorneys' fees.

(11) The Court further ORDERS that the Bank's counsel, Mr. Richard M. Kirby, show cause why he should not be held in contempt of Court for (1) advising his client that it could do what the Court had specifically prohibited Mr. Kirby from doing, namely, contacting prospective class members on a wholesale basis, and (2) failing to notify the Court of the Bank's desire to systematically contact prospective class members when the Court had declined to permit Mr. Kirby to contact such class members except on a limited basis. The show cause hearing will be held on October 5, 1983, at 10:00 a.m.